COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL
 PASO, TEXAS

 

 


 
 
  
  
  
  
 IN THE MATTER OF R.R.,
  
 A JUVENILE
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
 
 
  
  
                 No.
 08-01-00245-CV
  
 Appeal from the
  
 327th District Court
  
 of El Paso County, Texas
  
 (TC# 00,01228)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


 

O P I N I O N

 

R.R., a juvenile, appeals from an
adjudication order.  The juvenile court
found that R.R. had engaged in delinquent conduct by committing aggravated
sexual assault of a child as alleged in Count I of the petition.  Stating reasons in the order for deviating
from the sanction guidelines, the court placed R.R. on juvenile probation until
he is eighteen years old.  See Tex. Fam. Code Ann. ' 59.003(e) (Vernon Supp. 2002).  We affirm.

I.  SUMMARY OF THE EVIDENCE








In June of 2000, Martha Diaz heard
her two sons arguing about whose turn it was to play with a video game.  When her nine-year-old son, Anthony, would
not let his older brother play, Alan threatened to tell their mother what
ten-year-old R.R. had done to Anthony. 
Diaz took Anthony outside and asked him what had happened.  After telling her that he could not remain
quiet any longer, Anthony told her that R.R. had stuck his birdie[1]
in Anthony=s butt or rectum while holding
Anthony=s hands behind his back.  This hurt Anthony and he ran out of the
house.  Anthony told her that this
occurred sometime in May of 2000 while they were visiting at R.R.=s house.  Diaz recalled the occasion and remembered
seeing Anthony run out of the house but she assumed the boys had just gotten
into a fight.  

Anthony testified at trial that R.R.
asked him to go inside of the house and listen to the radio.  While Anthony listened to the radio in R.R.=s bedroom, R.R. went into the
bathroom.  R.R. came out of the bathroom
and held both of Anthony=s hands behind his back with one hand.  R.R. pushed Anthony, face first, onto the
bed.  He pulled Anthony=s pants and underwear down with the
other hand, and stuck his birdie or penis in Anthony=s butt, causing him pain.  Struggling to get away, Anthony moved to the
side and R.R. fell onto the bed.  Anthony
ran out of the bedroom while pulling up his pants, and ran out of the
house.  

At the conclusion of the evidence,
the juvenile court found that R.R. committed aggravated sexual assault as
alleged in Count I of the State=s first amended petition, but the court found against the
State on Count 3 of the petition which alleged unlawful restraint.[2]  The State abandoned Count II which alleged
indecency with a child.  








II.  DISCUSSION

A.  Admonishments

In Point of Error No. One, R.R.
contends that the juvenile court failed to properly admonish him regarding the
charges against him.  Section 54.03(b) of
the Family Code requires the juvenile court to explain to the child the allegations
against him.  Tex. Fam. Code Ann. ' 54.03(b)(1) (Vernon Supp. 2002).  

At the beginning of the adjudication
hearing, the juvenile court referee told R.R. that the purpose of the adjudication
hearing was to provide him with a trial on the charges against him.  The court advised R.R. that he had been
charged with aggravated sexual assault (Count I) and indecency with a child
(Count II).  After explaining to R.R. his
rights, the court determined whether R.R. understood those rights.  Realizing he had not admonished R.R.
regarding the third count, the referee explained that R.R. had also been
charged with unlawful restraint.  The
State then read each of the three counts aloud and R.R. entered his plea of Anot true@ to each allegation.  

As pointed out by the State, the
Family Code requires that the juvenile preserve his complaint regarding a
failure by the juvenile court to comply with Section 54.03(b).  Section 54.03(i) provides:

In order to preserve for appellate or collateral
review the failure of the court to provide the child the explanation required
by Subsection (b), the attorney for the child must comply with Rule 52(a),
Texas Rules of Appellate Procedure, before testimony begins or, if the
adjudication is uncontested, before the child pleads to the petition or agrees
to a stipulation of evidence.

 

Tex. Fam.
Code Ann. ' 54.03(i) (Vernon Supp. 2002).








Rule 52(a) has been superseded by
Rule 33.1, which requires a party to present to the trial court a timely
request, objection, or motion, stating the specific grounds for the ruling he
desired the court to make if the specific grounds were not apparent from the
context.  Tex. R. App. P. 33.1. 
Appellate cites several cases holding that a failure to admonish is
fundamental error requiring no objection to preserve error.  See e.g., In the Matter of L.T., 848
S.W.2d 769, 771-72 (Tex. App.--Corpus Christi 1993, no writ); In the Matter
of O.L., 834 S.W.2d 415, 420 (Tex. App.--Corpus Christi 1992, no
writ).  The cases relied upon by
Appellant pre-date the 1997 amendment of Section 54.03 which added the
preservation requirement in subsection (i). 
Therefore, they are inapplicable. 
The record does not reflect that R.R.=s attorney made any objection in the
trial court regarding any complaint about the admonishments.  Consequently, he has failed to preserve
error.  In the Matter of C.C., 13
S.W.3d 854, 859-60 (Tex. App.‑-Austin 2000, no pet.).  Point of Error No. One is overruled.

B.  Legal Sufficiency of the Evidence

In Point of Error No. Two, R.R.
challenges the legal sufficiency of the evidence to support the trial court=s finding that he engaged in
delinquent conduct by committing aggravated sexual assault.  R.R. argues that because he was only
ten-years-old when the offense occurred, he lacked the knowledge and maturity
to possess the requisite mens rea. 
Thus, R.R. does not assert that the evidence is insufficient to show
that he committed the acts alleged in the petition.

Standard of Review

When reviewing such a challenge by a
juvenile, we apply the Jackson v. Virginia[3]
standard.  In the Matter of A.S.,
954 S.W.2d 855, 858 (Tex. App.-‑El Paso 1997, no pet.).  This standard requires us to review all the
evidence, both State and defense, in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318‑19, 99 S.Ct. 2781,
2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 159
(Tex. Crim. App. 1991).  This familiar
standard gives full play to the responsibility of the trier of fact fairly to
resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic to ultimate facts. 
Jackson, 443 U.S. at 319, 99 S.Ct. at 2789, 61 L.Ed.2d
at 573.  We do not resolve any conflict
of fact or assign credibility to the witnesses, as it was the function of the
trier of fact to do so.  See Adelman
v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); Matson v. State,
819 S.W.2d 839, 843 (Tex. Crim. App. 1991). 
Instead, our duty is only to determine if both the explicit and implicit
findings of the trier of fact are rational by viewing all of the evidence
admitted at trial in a light most favorable to the verdict.  Adelman, 828 S.W.2d at 422.  In so doing, any inconsistencies in the
evidence are resolved in favor of the verdict. 
Matson, 819 S.W.2d at 843. 
Further, the standard of review is the same for both direct evidence and
circumstantial evidence cases.  Geesa,
820 S.W.2d at 158.








Elements
of the Underlying Offense

A person commits aggravated sexual
assault if the person intentionally or knowingly causes the penetration of the
anus of a child by any means.  Tex. Pen. Code Ann. ' 22.021(a)(1)(B)(i) (Vernon Supp. 2002).  The State=s petition alleged that R.R. did:

[I]ntentionally and knowingly cause the contact of the
anus of ANTONIO DIAZ, a child who was then and there younger than 14 years of
age, by causing the sexual organ of [R.R.] to contact the anus of the said
ANTONIO DIAZ, in violation of Section 22.021 of the Texas Penal Code.  

 

A person acts intentionally, or with
intent, with respect to the nature of his conduct or to a result of his conduct
when it is his conscious objective or desire to engage in the conduct or cause
the result.  Tex. Pen. Code Ann. ' 6.03(a) (Vernon 1994).  A person acts knowingly, or with knowledge,
with respect to the nature of his conduct or to circumstances surrounding his
conduct when he is aware of the nature of his conduct or that the circumstances
exist.  Tex.
Pen. Code Ann. ' 6.03(b) (Vernon 1994).

Intent is a fact question for the
trier of fact, and it may be inferred from the acts, words, and conduct of the
accused.  Manrique v. State, 994
S.W.2d 640, 649 (Tex. Crim. App. 1999); Wallace v. State, 52 S.W.3d 231,
234 (Tex. App.‑-El Paso 2001, no pet.).  As a result of its nature, mental culpability
must generally be inferred from the circumstances under which a prohibited act
or omission occurs.  Robles v. State,
664 S.W.2d 91, 94 (Tex. Crim. App. 1984); Wallace, 52 S.W.3d at 235. 








Although R.R. asserts that a
ten-year-old child lacks the maturity to intentionally engage in this conduct,
the Legislature has determined that juvenile proceedings may be brought against
a ten-year-old child.  See Tex. Fam. Code Ann. ' 51.02(2)(A) (Vernon Supp. 2002).  Therefore, the only issue before us is
whether the evidence is sufficient to show R.R. committed the conduct either
intentionally or knowingly.  We find that
the evidence is sufficient to show beyond a reasonable doubt that R.R.
intentionally engaged in the conduct. 
R.R. asked Anthony to go inside of his house purportedly to listen to
the radio.  Shortly after they went into
R.R.=s bedroom, he forcibly engaged in
sexual contact with Anthony.  This
evidence is sufficient to show that it was R.R.=s conscious objective or desire to
engage in the conduct.  Therefore, the evidence
is legally sufficient to support the juvenile court=s finding of delinquent conduct.  Point of Error No. Two is overruled.  

Having overruled each of Appellant=s points of error, we affirm the
adjudication order.

August 14, 2002

 

 

RICHARD BARAJAS, Chief Justice

 

Before
Panel No. 4

Barajas,
C.J., Larsen, and McClure, JJ.

 

(Do
Not Publish)











[1]  Anthony
actually used the Spanish word Apajarito@ for
birdie and he referred to his butt as Acolita.@  Diaz explained
that Anthony referred to penis as birdie or pajarito.  





[2]  See Tex. Pen. Code Ann. ' 20.02 (Vernon Supp. 2002).





[3]  Jackson v. Virginia,
443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).