COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-477-CR
 
RONNIE BERNARD STAFFORD                                                APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
------------
 
FROM THE 213TH DISTRICT COURT OF 
TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION 
 


------------
        Appellant 
Ronnie Bernard Stafford appeals from his conviction for indecency with a child 
by contact. In two points, he challenges the factual sufficiency of the evidence 
to support his conviction and the trial court’s ruling denying him an 
instruction on the offense of assault. We affirm.
        On 
October 21, 2001, S.S., the victim, went to bed around midnight. She left the 
light on in her bedroom, but closed the door. A friend of S.S. was also spending 
the night in the same room, and appellant, a close family friend, was sleeping 
on the sofa in the living room.
        Around 
5:31 that morning, S.S. woke up and found the covers pulled aside and appellant 
rubbing her stomach and vagina over her clothes. As she opened her eyes and saw 
appellant sitting beside her bed, appellant quickly removed his hand and looked 
toward the caller I.D. on a phone nearby. S.S. had disconnected that phone, 
however, the night before, and another phone was working was in the living room 
by the couch appellant had been sleeping on.
        Because 
S.S. was scared appellant might have “[a] knife or something,” she pretended 
to go back to sleep. But when appellant did not leave, S.S. screamed her 
friend’s name, and appellant left the room without saying anything.
        After 
discussing what happened with her friend, S.S. and her friend told S.S.’s mom 
what happened and then returned to the room and barricaded themselves in. A few 
minutes later, S.S., her mom, Billy Johnson, and Kenneth Douglas, S.S.’s 
common-law step-father, confronted appellant in the living room. After being 
confronted, appellant denied entering S.S.’s room, and S.S. testified that 
appellant stated, “Billy, you know I’m drunk.” He also claimed to need to 
go to work, and he got in his truck and drove away as Johnson called for him to 
wait. S.S. and her parents reported the events to the police, and S.S. repeated 
the details of the offense to the investigators and a nurse who conducted a 
sexual assault exam.
        Appellant 
was charged with indecency with a child by contact. After a trial by jury, 
appellant was found guilty. He pleaded true to an enhancement offense and was 
sentenced to seven years’ confinement.
        In 
his first point, appellant asserts that the evidence is factually insufficient 
to sustain his conviction. In reviewing the factual sufficiency of the evidence 
to support a conviction, we are to view all the evidence in a neutral light, 
favoring neither party. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 
2000); Clewis v. State, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996). 
Evidence is factually insufficient if it is so weak as to be clearly wrong and 
manifestly unjust or the adverse finding is against the great weight and 
preponderance of the available evidence. Johnson, 23 S.W.3d at 11. 
Therefore, we must determine whether a neutral review of all the evidence, both 
for and against the finding, demonstrates that the proof of guilt is so 
obviously weak as to undermine confidence in the verdict, or the proof of guilt, 
although adequate if taken alone, is greatly outweighed by contrary proof. Id. 
In performing this review, we are to give due deference to the fact finder’s 
determinations. Id. at 8-9; Clewis, 922 S.W.2d at 136. We may not 
substitute our judgment for that of the fact finder’s. Johnson, 23 
S.W.3d at 12. Consequently, we may find the evidence factually insufficient only 
where necessary to prevent manifest injustice. Johnson, 23 S.W.3d at 9, 
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
        To 
prove appellant committed the offense of indecency with a child by contact, the 
State needed to show beyond a reasonable doubt that appellant engaged in sexual 
contact with a child younger than seventeen years of age who was not his spouse. 
Tex. Penal Code Ann. § 
21.11(a)(1) (Vernon 2003). “Sexual contact” means “any touching by a 
person, including touching through clothing, of the anus, breast, or any part of 
the genitals of a child” if committed “with the intent to arouse or gratify 
the sexual desire of any person.” Id. § 21.11(c)(1).
        There 
is no dispute that S.S. was not appellant’s spouse, that she was younger than 
seventeen, and that appellant rubbed S.S.’s genital area. Appellant only 
claims that the evidence is factually insufficient to support his conviction 
because he rubbed S.S.’s vagina over three layers of clothing and because the 
evidence did not show that he had the intent to arouse or gratify his sexual 
desires at the time of the touching. With regard to S.S.’s clothing, “the 
mere interposition of a layer of fabric between a person’s hand and the 
genitals of another” does not prevent the “occurrence of sexual contact for 
the offense of indecency with a child.” Guia v. State, 723 S.W.2d 763, 
766 (Tex. App.—Dallas 1986, pet. ref’d).
        Appellant’s 
intent to gratify, on the other hand, can be inferred from the circumstances of 
the event. Wallace v. State, 52 S.W.3d 231, 235 (Tex. App.—El Paso 
2001, no pet.). An oral expression of intent is not required. Couchman v. 
State, 3 S.W.3d 155, 163 (Tex. App.—Fort Worth 1999, pet. ref’d). 
Appellant’s conduct alone may be sufficient to infer intent. Id.
        Appellant 
entered S.S.’s closed room around 5:30 a.m., rolled back her covers, and was 
caught rubbing her vagina and stomach. After being caught, he turned and 
pretended to look at the caller I.D. of a phone that was not even working when 
there was an operable phone near the sofa he was sleeping on in another room. 
When confronted by the accusations, appellant denied committing the act and 
attempted to blame the incident on his drunkenness.
        Witnesses 
also testified to varying accounts appellant gave regarding why he entered 
S.S.’s room in the first place. He told a co-worker that he entered S.S.’s 
room to answer the phone (at 5:30 a.m.) and that the phone was under S.S.’s 
leg. He stated he lifted S.S.’s leg to get the phone and that this may have 
startled her and woke her up. Appellant told Douglas, however, that he went into 
S.S.’s room to use the phone and that the phone was near her leg. According to 
appellant, S.S. must have awoken because she was startled when he retrieved the 
phone. Finally, appellant told the police that the phone was under S.S.’s 
right arm and that after retrieving the phone he walked out of the room.
        Based 
on the evidence that appellant entered S.S.’s room early in the morning while 
she was asleep and was caught rubbing her vagina and stomach, that he denied 
committing the act and blamed it on his drunkenness, and that he told varying 
stories of why he entered the room and what parts of S.S.’s body he touched, 
the jury could have inferred appellant had the intent to arouse or gratify 
himself when he rubbed S.S.’s vagina. Thus, we hold the evidence was factually 
sufficient to support the verdict. We overrule point one.
        In 
appellant’s second point, he contends the trial court erred in denying his 
requested instruction on assault, which he claims is a lesser included offense 
of indecency with a child by contact. Compare Tex. Penal Code Ann. § 21.11(c)(1) 
(indecency with a child by contact), with id. § 22.01(a)(3) (Vernon 
Supp. 2004) (assault). To determine whether a jury must be charged on a lesser 
included offense, we apply a two-step analysis. Moore v. State, 969 
S.W.2d 4, 8 (Tex. Crim. App. 1998). The first step is to decide whether the 
offense is a “lesser included offense” as defined in article 37.09 of the 
code of criminal procedure. Tex. Code 
Crim. Proc. Ann. art. 37.09 (Vernon 1981); Moore, 969 S.W.2d at 8. 
The second step requires an evaluation of the evidence to determine whether 
there is some evidence that would permit a rational jury to find that the 
defendant is guilty only of the lesser offense, and not of the greater. Moore, 
969 S.W.2d at 8.
        Appellant 
has not shown that assault is a lesser included offense of indecency with a 
child by contact. See Tex. R. App. 
P. 38.1(h). Moreover, for the reasons discussed in Ramos v. State, 
we hold that assault is not a lesser included offense of indecency with a child 
by contact. 981 S.W.2d 700, 701 (Tex. App.—Houston [1st Dist.] 
1998, pet. ref’d) (holding assault not a lesser include offense of indecency 
with a child by contact because assault “requires proof that the defendant 
knew or reasonably believed that the complainant would regard the contact as 
offensive or provocative at the time of the contact” and indecency with a 
child by contact does not). Accordingly, we overrule appellant’s second point.
        We 
affirm the trial court’s judgment.
 
                
                                                          PER 
CURIAM
 
PANEL B:   SAM J. 
DAY, J. (Retired, Sitting by Assignment); HOLMAN and GARDNER, JJ.
 
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: December 11, 2003