stafford v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-477-CR

RONNIE BERNARD STAFFORD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant Ronnie Bernard Stafford appeals from his conviction for indecency with a child by contact.  In two points, he challenges the factual sufficiency of the evidence to support his conviction and the trial court’s ruling denying him an instruction on the offense of assault.  We affirm.

On October 21, 2001, S.S., the victim, went to bed around midnight.  She left the light on in her bedroom, but closed the door.  A friend of S.S. was also spending the night in the same room, and appellant, a close family friend, was sleeping on the sofa in the living room.

Around 5:31 that morning, S.S. woke up and found the covers pulled aside and appellant rubbing her stomach and vagina over her clothes.  As she opened her eyes and saw appellant sitting beside her bed, appellant quickly removed his hand and looked toward the caller I.D. on a phone nearby.  S.S. had disconnected that phone, however, the night before, and another phone was working was in the living room by the couch appellant had been sleeping on.

Because S.S. was scared appellant might have “[a] knife or something,” she pretended to go back to sleep.  But when appellant did not leave, S.S. screamed her friend’s name, and appellant left the room without saying anything.

After discussing what happened with her friend, S.S. and her friend told S.S.’s mom what happened and then returned to the room and barricaded themselves in.  A few minutes later, S.S., her mom, Billy Johnson, and  Kenneth Douglas, S.S.’s common-law step-father, confronted appellant in the living room.  After being confronted, appellant denied entering S.S.’s room, and S.S. testified that appellant stated, “Billy, you know I’m drunk.”  He also claimed to need to go to work, and he got in his truck and drove away as Johnson called for him to wait.  S.S. and her parents reported the events to the police, and S.S. repeated the details of the offense to the investigators and a nurse who conducted a sexual assault exam.

Appellant was charged with indecency with a child by contact.  After a trial by jury, appellant was found guilty.  He pleaded true to an enhancement offense and was sentenced to seven years’ confinement.

In his first point, appellant asserts that the evidence is factually insufficient to sustain his conviction.  
In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict
, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations. 
 Id.
 at 8-9; 
Clewis, 
922 S.W.2d at 136.  We may not substitute our judgment for that of the fact finder’s.  
Johnson
, 23 S.W.3d at 12.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). 

To prove appellant committed the offense of indecency with a child by contact, the State needed to show beyond a reasonable doubt that appellant engaged in sexual contact with a child younger than seventeen years of age who was not his spouse.  
Tex. Penal Code Ann. 
§ 21.11(a)(1) (Vernon 2003).  “Sexual contact” means “any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child” if committed “with the intent to arouse or gratify the sexual desire of any person.”  
Id. 
§ 21.11(c)(1).

There is no dispute that S.S. was not appellant’s spouse, that she was younger than seventeen, and that appellant rubbed S.S.’s genital area. Appellant only claims that the evidence is factually insufficient to support his conviction because he rubbed S.S.’s vagina over three layers of clothing and because the evidence did not show that he had the intent to arouse or gratify his sexual desires at the time of the touching.  With regard to S.S.’s clothing,  “the mere interposition of a layer of fabric between a person’s hand and the genitals of another” does not prevent the “occurrence of sexual contact for the offense of indecency with a child.”  
Guia v. State
, 723 S.W.2d 763, 766 (Tex. App.—Dallas 1986, pet. ref’d).    

Appellant’s intent to gratify, on the other hand, can be inferred from the circumstances of the event.  
Wallace v. State
, 52 S.W.3d 231, 235 (Tex. App.—El Paso 2001, no pet.).  An oral expression of intent is not required.
  Couchman v. State
, 3 S.W.3d 155, 163 (Tex. App.—Fort Worth 1999, pet. ref’d).  Appellant’s conduct alone may be sufficient to infer intent.  
Id
.  

Appellant entered S.S.’s closed room around 5:30 a.m., rolled back her covers, and was caught rubbing her vagina and stomach.  After being caught, he turned and pretended to look at the caller I.D. of a phone that was not even working when there was an operable phone near the sofa he was sleeping on in another room.  When confronted by the accusations, appellant denied committing the act and attempted to blame the incident on his drunkenness.  

Witnesses also testified to varying accounts appellant gave regarding why he entered S.S.’s room in the first place.  He told a co-worker that he entered S.S.’s room to answer the phone (at 5:30 a.m.) and that the phone was under S.S.’s leg.  He stated he lifted S.S.’s leg to get the phone and that this may have startled her and woke her up.  Appellant told Douglas, however, that he went into S.S.’s room to use the phone and that the phone was near her leg.  According to appellant, S.S. must have awoken because she was startled when he retrieved the phone.  Finally, appellant told the police that the phone was under S.S.’s right arm and that after retrieving the phone he walked out of the room.

Based on the evidence that appellant entered S.S.’s room early in the morning while she was asleep and was caught rubbing her vagina and stomach, that he denied committing the act and blamed it on his drunkenness, and that he told varying stories of why he entered the room and what parts of S.S.’s body he touched, the jury could have inferred appellant had the intent to arouse or gratify himself when he rubbed S.S.’s vagina.  Thus, we hold the evidence was factually sufficient to support the verdict.  We overrule point one.

In appellant’s second point, he contends the trial court erred in denying his requested instruction on assault, which he claims is a lesser included offense of indecency with a child by contact.  
Compare
 
Tex. Penal Code Ann
. § 21.11(c)(1) (indecency with a child by contact), 
with id. 
§ 22.01(a)(3) (Vernon Supp. 2004) (assault).  To determine whether a jury must be charged on a lesser included offense, we apply a two-step analysis.  
Moore v. State
, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  The first step is to decide whether the offense is a “lesser included offense” as defined in article 37.09 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 1981); 
Moore
, 969 S.W.2d at 8.  The second step requires an evaluation of the evidence to determine whether there is some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser offense, and not of the greater.  
Moore
, 969 S.W.2d at 8.
 

Appellant has not shown that assault is a lesser included offense of indecency with a child by contact.  
See
 
Tex. R. App. P. 
38.1(h).  Moreover, for the reasons discussed in 
Ramos v. State
, we hold 
that assault is not a lesser included offense of indecency with a child by contact.  981 S.W.2d 700, 701 (Tex. App.—Houston [1
st
 Dist.] 1998, pet. ref’d) (holding assault not a lesser include offense of indecency with a child by contact because assault “requires proof that the defendant knew or reasonably believed that the complainant would regard the contact as offensive or provocative at the time of the contact” and indecency with a child by contact does not).  Accordingly, we overrule appellant’s second point.

We affirm the trial court’s judgment.
 

PER CURIAM

PANEL B: SAM J. DAY, J. (Retired, Sitting by Assignment); HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  December 11, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.