11th Court of Appeals
Eastland, Texas
Opinion
 
Ryan Houston Castleberry
            Appellant
Vs.                  No. 11-04-00160-CR -- Appeal from Taylor County
State of Texas
            Appellee
 
            The jury convicted Ryan Houston Castleberry of indecency with a child and assessed his
punishment at ten years confinement. We affirm.
            Appellant contends that the evidence is legally and factually insufficient to support his
conviction. In order to determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). In order to
determine if the evidence is factually sufficient, we must review all of the evidence in a neutral light
and determine whether the evidence supporting guilt is so weak that the verdict is clearly wrong and
manifestly unjust or whether the evidence contrary to the verdict is so strong that the beyond-a-reasonable-doubt burden of proof could not have been met. Zuniga v. State, 144 S.W.3d 477
(Tex.Cr.App.2004); Ross v. State, 133 S.W.3d 618 (Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d
229, 236 (Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State,
922 S.W.2d 126 (Tex.Cr.App.1996). We review the fact-finder’s weighing of the evidence and
cannot substitute our judgment for that of the fact-finder. Cain v. State, supra; Clewis v. State,
supra. Due deference must be given to the jury’s determination, particularly concerning the weight
and credibility of the evidence. Johnson v. State, 23 S.W.3d 1 (Tex.Cr.App.2000); Jones v. State,
944 S.W.2d 642 (Tex.Cr.App.1996), cert. den’d, 522 U.S. 832 (1997). This court has the authority
to disagree with the fact-finder’s determination “only when the record clearly indicates such a step
is necessary to arrest the occurrence of a manifest injustice.” Johnson v. State, supra at 9. 
            Natalee Connally, the outcry witness, testified that on September 3, 2003, the four-year-old
victim grabbed the witness in the “crotch.” When Connally asked the victim why she had grabbed
her, the victim said that her Uncle Ryan, appellant, had touched her there, specifically on her vaginal
area and her breasts. The victim also told Connally that appellant had touched her three times and
described where they were at the time of each occurrence. Connally then contacted the victim’s
mother, who is also appellant’s sister. Connally stated that, after the victim’s mother and appellant
talked with the victim privately, the victim recanted and said that appellant had never touched her
inappropriately.
            Detective Thomas Valdez of the Abilene Police Department testified that the Abilene police
received a call on the evening of September 3, 2003, concerning the victim’s allegation. A police
officer responded to the call, and then the Department of Protective and Regulatory Services also
became involved. Betty Williams Ribordy, a forensic interviewer with the Child Advocacy Center
of Abilene, testified that she interviewed the victim on September 4, 2003. Detective Valdez
testified that the victim’s interview led to a police interview with appellant on September 8, 2003. 
During the interview process, appellant confessed to touching the victim on her vaginal area. In
addition, appellant confessed to a prior incident of sexual contact with the same child. Valdez
testified that appellant voluntarily dictated, signed, and edited his written confession. Appellant’s
written confession was admitted into evidence at trial. In the written statement, appellant said that
he was at his mother’s home where he was living. He was watching his sister’s two children, the
victim and her younger brother. The victim had just taken a bath and came into appellant’s room
naked, holding her clothes. Appellant asked the victim to get dressed. When the victim did not put
on her clothes, appellant sat her on the bed to assist her. Appellant stated that, out of curiosity of
what “her vagina might look like,” he “rubbed her vagina” with his left hand. At trial, appellant did
not deny that he confessed but said that he was on drugs at the time and felt pressured into his
confession. Appellant denied ever having sexual contact with the victim.
            On appeal, appellant specifically argues that the evidence is legally and factually insufficient
to prove intent. Intent is a fact question for the trier of fact and may be inferred from the acts, words,
and conduct of the accused. Manrique v. State, 994 S.W.2d 640, 649 (Tex.Cr.App.1999);
Hernandez v. State, 819 S.W.2d 806, 810 (Tex.Cr.App.1991); Wallace v. State, 52 S.W.3d 231, 234
(Tex.App. - El Paso 2001, no pet’n). The intent to arouse or gratify may be inferred from conduct
alone, and there is no requirement of an oral expression of intent. McKenzie v. State, 617 S.W.2d
211, 216 (Tex.Cr.App.1981); Lozano v. State, 958 S.W.2d 925, 930 (Tex.App. - El Paso 1997, no
pet’n); Tyler v. State, 950 S.W.2d 787, 789 (Tex.App. - Fort Worth 1997, no writ).
            The charge for which appellant was indicted alleged that appellant touched a part of the
genitals of the victim with the intent to arouse or gratify his own sexual desire. In his written
statement, appellant admitted to touching the victim’s vagina; however, appellant denied the action
at trial. In his written statement, appellant stated, “I’ve never done anything sexual to any other
child.” Also, in his written statement, appellant mentioned an earlier incident of sexual contact with
the same child. When the victim was an infant, appellant was masturbating and then placed his penis
to the victim’s lips to see if she would “suck on it like a bottle.”
            After reviewing all of the evidence in the light most favorable to the verdict, we conclude that
a rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Viewing all of the evidence, we do not find that the verdict is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. Clewis v. State,
supra. We have considered appellant’s issues on appeal, and all are overruled. 
            The judgment of the trial court is affirmed.
 
                                                                                    JIM R. WRIGHT
                                                                                    JUSTICE
 
August 4, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Wright, J., and McCall, J.