COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




COMMODORE DAVID SMITH,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00166-CR



Appeal from the


336th Judicial District Court


of Grayson County, Texas 


(TC# 052099-T) 



O P I N I O N


 Commodore David Smith appeals his conviction for two counts of the offense of
indecency with a child by sexual contact. A jury found Appellant guilty and the trial court
assessed punishment at 17 years' imprisonment in the Institutional Division of the Texas
Department of Criminal Justice. In two issues, Appellant challenges the legal and factual
sufficiency of the evidence to support his conviction. We affirm.

 Fourteen-year-old A.C. testified that in 1999, she was in the second grade, was about
seven or eight years old, and lived with her mother, Kay Smith, and her stepfather Dale Smith in
Pottsboro, Texas. Appellant, A.C.'s maternal grandfather, would sometimes stay with them. 
When he visited, he would sleep on a foldout bed in the couch in the bedroom shared by A.C.
and her brother. One night in 1999, A.C. testified that her grandfather took off her clothes and
touched her between the legs. When she was asked if he penetrated her or just touched her "on
the outside," A.C. stated that Appellant just touched her on the outside without any clothes on. 
When asked if at that point Appellant had just touched her genital area, A.C. stated, "[e]arlier
before that he took off my bra and said that -- he touched my breasts and said that I was too
young to have breasts." A.C. explained that she was awakened while Appellant was taking off
her bra and by his feeling of her breasts. After the incident, A.C. went into her closet, got
dressed, and went downstairs. A.C. told her mother that Appellant had touched her. A.C.'s
mother rearranged the bedrooms, so Appellant slept downstairs and then two weeks later he left.

 In 2001, A.C. was sent to live with her maternal grandmother, Donna Light, while her
parents were getting a divorce. One day her grandmother was talking to her and asked her if
anyone had ever touched her and A.C. said yes and told her grandmother that Appellant had
touched her. The next day, her grandmother took her to CPS in Longview, Texas, where they
interviewed her. At trial, A.C. identified Appellant as the person who touched her on her genitals
and breasts.

 Donna Light testified that she was previously married to Appellant and is A.C.'s
grandmother. Ms. Light stated that A.C. came to live with her in 2001, when her daughter Kay
was getting a divorce. Ms. Light had a discussion with A.C. in which A.C. told her that
Appellant had touched her when she was eight or nine. The next day, Ms. Light took A.C. to
Children's Protective Services where they interviewed A.C. Ms. Light testified that A.C. was
never the spouse or married to Appellant.

 Deputy David Sikes of the Grayson County Sheriff's Office was assigned to conduct a
follow-up investigation into the case involving Appellant. Deputy Sikes interviewed Appellant
and obtained his voluntary statement. In Appellant's statement, he stated that one night he
noticed that A.C. had kicked off her covers and when he tried to put the covers back on her, he
accidently touched her between the legs. Appellant denied ever taking off A.C.'s clothes while
she was sleeping or awake and denied ever touching A.C. in a sexual way.

 In the defense's case-in-chief, John Kirk, an investigator with Children's Protective
Services in Grayson County, was called to testify. Mr. Kirk investigated a case involving A.S.,
A.C.'s half-sister, and then the transfer case concerning A.C.'s sexual abuse allegation. A.C.'s
case was referred to CPS by Donna Light, her grandmother. According to the intake report, A.C.
had made an outcry alleging possible sexual abuse by her grandfather, Appellant. The intake
report stated that A.C. reported that she woke up one evening to find her grandfather standing
naked in her room, he had taken off her blouse and pants, and had touched her. On cross-examination, Mr. Kirk stated any discrepancies or inconsistencies in A.C.'s statement versus the
intake were not unusual because the intake report is made by another person that the child
outcried to, and CPS does not know how that person came about knowing the information. To
his knowledge, A.C. was consistent about Appellant touching her genital area and her breasts
during their forensic interview and videotape. Mr. Kirk also testified that it was not unusual for
small children, who were seven or eight years old, not to remember all the details of the incident.

 Dale Smith testified that he lived with A.C. for six to eight years while he and her mother
were together. They had a good relationship and a fairly stable life. He was not aware that the
incident had occurred and was never told about it by Kay or A.C. Mr. Smith had never seen
Appellant abuse any children in his presence.

SUFFICIENCY OF THE EVIDENCE

 In two issues, Appellant challenges the legal and factual sufficiency of the evidence to
sustain his conviction. In reviewing the legal sufficiency of the evidence, we must view the
evidence in the light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Vodochodsky v.
State, 158 S.W.3d 502, 509 (Tex.Crim.App. 2005). More particularly, sufficiency of the
evidence should be measured by the elements of the offense as defined by the hypothetically
correct jury charge for the case. Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). 
The trier of fact is the sole judge of the weight and credibility of the evidence. Margraves v.
State, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000). In conducting our review, we may not
re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the
fact finder. King v. State, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000); Dewberry v. State, 4
S.W.3d 735, 740 (Tex.Crim.App. 1999). Any inconsistencies in the evidence are resolved in
favor of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000).

 In reviewing the factual sufficiency of the evidence, we must determine whether
considering all the evidence in a neutral light, the jury was rationally justified in finding guilt
beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004),
overruled on other grounds by Watson v. State, 204 S.W.3d 404 (Tex.Crim.App. 2006). 
Evidence can be factually insufficient if the evidence supporting the verdict, considered by itself,
is too weak to support the finding of guilt beyond a reasonable doubt, or contrary evidence is so
strong that guilt cannot be proven beyond a reasonable doubt. Id. at 484-85. Our evaluation,
however, should not intrude upon the fact finder's role as the sole judge of the weight and
credibility given to any witness's testimony. See Cain v. State, 958 S.W.2d 404, 407
(Tex.Crim.App. 1997). We will not set aside the judgment unless the evidence supporting the
verdict is so weak as to be clearly wrong and manifestly unjust. Zuniga, 144 S.W.3d at 481. A
clearly wrong and manifestly unjust verdict occurs where the jury's finding "shocks the
conscience" or "clearly demonstrates bias." Id. An opinion addressing factual sufficiency must
include a discussion of the most important and relevant evidence that supports the appellant's
complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

Indecency with a Child

 A person commits the offense of indecency with a child if he engages in sexual contact
with a child younger than seventeen years and not the person's spouse. See Tex.Pen.Code Ann.
§ 21.11(a)(1)(Vernon 2003). "Sexual contact" is defined to include any touching of the breast or
any part of the genitals of another person with intent to arouse or gratify the sexual desire of any
person. See Tex.Pen.Code Ann. § 21.01(2)(Vernon Supp. 2006).

 Viewing the evidence in the light most favorable to the verdict, the evidence shows that
in 1999, A.C. was seven or eight years old, when one night, Appellant took off her clothes and
then touched her breasts and in between her legs. At trial, A.C. identified Appellant as the
person who touched her on her genitals and breasts. Appellant argues that the evidence is legally
insufficient to prove that A.C.'s vaginal area was touched or that any touching of her breasts, if it
occurred, was sexual in nature. However, when A.C. was specifically asked if Appellant just
touched her genital area, A.C. explained that earlier in the incident, Appellant touched her breasts
and commented about her being too young to have breasts. From the evidence presented, the
jury could have reasonably inferred that by testifying that Appellant touched her between the
legs, A.C. was referring to her vaginal area. Further, the requisite specific intent can be inferred
from the defendant's conduct, his remarks, and all the surrounding circumstances. See Manrique
v. State, 994 S.W.2d 640, 649 (Tex.Crim.App. 1999); Wallace v. State, 52 S.W.3d 231, 234-35
(Tex.App.--El Paso 2001, no pet.). The evidence shows that prior to touching her breasts,
Appellant removed A.C.'s clothing. Appellant then touched her breasts, commenting that she
was too young to have breasts. The jury could have reasonably inferred the requisite intent from
Appellant's conduct, his remarks, and the surrounding circumstances. We conclude the evidence
is legally sufficient to sustain Appellant's conviction for both counts of indecency with a child. 
After a neutral review of all the evidence, we conclude the evidence is not too weak to support
the guilty finding beyond a reasonable doubt nor was the contrary evidence so strong that guilt
could not be proven beyond a reasonable doubt. Finding that the evidence is both legally and
factually sufficient to sustain Appellant's conviction, we overrule Appellant's two issues for
review.

 We affirm the trial court's judgment.



March 22, 2007

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)