*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00860-CR

Ruben **GARZA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 07-12-00157-CRK
Honorable Stella Saxon, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  July 15, 2009

AFFIRMED

After a jury trial, Ruben Garza was found guilty of aggravated sexual assault of a child under

fourteen years of age. The jury sentenced him to thirty years in the Texas Department of Criminal

Justice and fined him $5,000.  On appeal, Garza argues that the evidence is insufficient to support

his conviction.  We affirm.

## BACKGROUND

The complainant, M.G., was born on February 27, 1997. M.G. is the son of Francisca J. ("Francisca") and grandson of Antonia G. ("Antonia").[1] M.G. was approximately five-years-old when he was first sent to live with his grandmother and his step-grandfather, Ruben Garza ("Garza"). Antonia and Garza lived together in a small trailer in Kenedy, Texas. Antonia worked the evening shift from 10:00 p.m. to 6:00 a.m. at a local nursing home and would leave M.G. alone with Garza while she worked.

M.G. testified that he was sexually assaulted by Garza numerous times, stating Garza would place his penis into his "back private." During the assaults, M.G. testified that Garza would tell him to "open [his] ass" and Garza would then insert his penis in M.G.'s anus. M.G. stated that he never saw Garza's penis, but that Garza would take his hand and place it on his penis. M.G. further stated that Garza would be breathing heavily while the assault was taking place. M.G. would ask Garza to stop, but Garza disregarded his requests. The assaults often took place in M.G.'s bedroom, but occurred in the living room of the trailer as well. M.G. stated that after every assault Garza instructed him to "shower."

In February 2007, M.G.'s mother became concerned about M.G. when she came home and found her boyfriend sleeping in M.G.'s bed.[2] Francisca asked M.G. if anyone had done anything inappropriate with him. M.G. told Francisca that Garza had touched his privates and Garza had put his penis into his anus while his grandmother was at work. Francisca notified the authorities and,

---

[1] To protect the privacy of the parties in this case, we identify the child by his initials and his mother and grandmother by their first names only.

[2] Her boyfriend was also suspected of sexually abusing M.G. around the same time Garza allegedly abused the child.

after making a statement, took M.G. to Santa Rosa Children's Hospital in San Antonio, Texas where the child underwent an examination by a sexual assault nurse examiner, Cynthia Garcia. Due to the time lapse between the date of the sexual assault and the exam, there was no physical evidence that Garcia could use to identify Garza as the perpetrator. M.G. was also interviewed by Christi Williams of the Guadalupe County Children's Advocacy Center. During the course of these interviews, M.G. told Williams that Garza had sexually abused him. Subsequently, Garza was indicted by the Karnes County Grand Jury for aggravated sexual assault of a child.

After a jury trial, Garza was convicted of the charged offense. The jury assessed Garza's punishment at thirty years confinement and fined him $5,000. Garza appeals his conviction and argues that the evidence is factually insufficient to support his conviction.

## SUFFICIENCY OF THE EVIDENCE

Garza claims the evidence is factually insufficient to support his conviction for aggravated sexual assault. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i); (2)(B) (Vernon 2003) (providing that a person commits the offense of aggravated sexual assault of a child if he intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means and the child is younger than fourteen years of age). When considering a factual sufficiency challenge, we look at the evidence in a neutral light giving almost complete deference to the jury's determinations of credibility. *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). We reverse only if the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust or if the evidence supporting the verdict is outweighed by the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

Garza claims the evidence is insufficient to support his conviction because the testimony presented against him is unreliable. According to Garza, the State's witnesses provided conflicting testimony about the time line of events surrounding the assault and the definition of the word "shower." We disagree.

M.G. testified that Garza made him take a shower after every sexual assault perpetrated by Garza. However, in later testimony by his grandmother, Antonia, the jury heard that there is no shower in the trailer where the incidents occurred, only a bathtub. When M.G. was called back to the stand to respond to this contradiction, he stated that he did not realize there was a difference between the words "shower" and "bath"; that he used the words interchangeably. The jury apparently believed M.G.'s testimony; we must defer to this credibility determination by the jury and reject Garza's contention. *See Lancon*, 253 S.W.3d at 705; *see also Stogiera v. State*, 191 S.W.3d 194, 196 (Tex. App.—San Antonio 2005, no pet.) (recognizing the jury evaluates the credibility and demeanor of witnesses and determines the weight afforded contradicting testimony).

Garza's next argument questions the validity of the testimony of Francisca, whose recollection of the time line of events after the 'outcry' statement are in conflict with the testimony of the other witnesses at trial. Francisca testified that M.G. made his outcry to her on February 28, 2007. She further stated that she immediately took M.G. to Santa Rosa Children's Hospital (SRCH), where he underwent an examination to look for signs of sexual abuse. However, the examination at SRCH actually occurred on March 29, 2007, and M.G.'s interview at the Child Advocacy Center in Seguin did not happen until April 11, 2007. All of the witnesses were examined by the parties before the jury, and the jury was free to resolve any conflict in their testimony. *See Stogiera*, 191

S.W.3d at 196. There was ample evidence for the jury to decide this matter as it did; therefore, we decline to second guess the finding of the jury.

Garza also argues that the outcry statement was prompted by his recent separation from M.G.'s grandmother, and that M.G.'s accusation that Garza assaulted him was actually a projection of the abuse he subsequently suffered from Francisca's boyfriend. Garza maintains the only one who abused M.G. was Francisca's boyfriend and corroborates this theory by noting that the examination by Garcia and the subsequent interview with Williams at the Child Advocacy Center began with M.G. talking only about Francisca's boyfriend. It was not until later in the interviews that M.G. mentioned that Garza had also sexually abused him. Whether M.G. was assaulted by another individual does not change the fact that the jury heard evidence that M.G. was also abused by Garza and that he consistently lodged those accusations against him.

Garza finally argues that M.G. never clarified what he meant when he used the terms "back private" and "front private" during trial and therefore the State failed to connect Garza's actions with the prohibited conduct. *See Connell v. State*, 233 S.W.3d 460 (Tex.App.— Fort Worth 2007, no pet.) (holding that mere inferences about an alleged second assault while legally sufficient, were not factually sufficient to sustain the jury's conviction of a second assault). Garza argues that use of the terms "back private" and "front private" to describe the way M.G. was abused are only inferences of abuse, and not factually sufficient to support a verdict of guilty. Because M.G. did not use the word "anus" in his testimony, Garza argues there was insufficient evidence at trial to infer that "back private" meant "anus" and not "gluteal fold."

The record shows M.G. clarified, or sufficiently described, his word choices. During trial he explained that Garza would instruct him to spread his buttocks during the assault and that Garza

"stuck his private in my private." This testimony indicates M.G. was aware that his anus was penetrated by Garza. Furthermore, M.G. stated Garza would move back and forth behind him when the assault was taking place, which indicates that Garza was thrusting in and out of M.G.'s anus. Thus, M. G.'s reference to his anus as his "back private" or Garza's penis as a "front private" is sufficient to establish that M.G. had knowledge of his and Garza's body parts. *See Wallace v. State*, 52 S.W.3d 231, 235 (Tex. App.—El Paso 2001, no pet.) ("As a matter of public policy, the appellate courts of this state do not expect child victims of crime to testify with the same clarity and ability as is expected of mature and capable adults."). We conclude the evidence is factually sufficient to support Garza's conviction and overrule Garza's appellate complaints.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

Catherine Stone, Chief Justice

Do Not Publish